UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        Plaintiff,                              )<br>                                                        )         No. 1:10-cr-222<br>-v-                                                  )<br>                                                        )         HONORABLE PAUL L. MALONEY<br>ASANTE MOLEFI PARKER,       )<br>        Defendant.                          )<br>_____) | |

## OPINION

This matter is before the Court on Defendant Asante Parker's motion for a reduction of sentence under Amendment 782.[1] (ECF No. 485.) The Court has determined that the hearing scheduled for October 14, 2016 regarding this matter is no longer necessary.

Following a guilty plea, Asante Parker was sentenced on May 23, 2011 to a 262-month term of imprisonment for charges of conspiracy to distribute and possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), and 846(b)(1)(A)(vii) and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and (a)(1)(B)(i). (ECF No. 258.) Concurrent five- and three-year terms of supervised release were also imposed. Thereafter, Parker's sentence was reduced to 226 months on the government's motion under Fed. R. Crim. P. 35(b). (ECF No. 435.) That motion was based on assistance provided beginning in October 2010 and continuing for almost two years before and after his initial sentencing. (ECF No. 406 at PageID.2287.)

---

[1] In 2014, the United States Sentencing Commission passed Amendment 782, which lowered the base offense level for most drug trafficking, and Amendment 788, which made Amendment 782 retroactive. *U.S. v. Lucas*, 636 F. App'x 296, 297–98 (6th Cir. 2016).

On March 23, 2015, Parker filed a *pro se* motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines. (ECF No. 485.) The Probation Office indicated Parker appeared to be eligible (ECF No. 488) and prepared a Sentence Modification Report. (ECF No. 533.)

The Report recommends that Parker be found eligible for a sentence reduction. However, the Report recommends a reduction only to 210 months, because 210 months is at the bottom of the amended advisory guideline range determined under Amendment 782. (*Id.* at PageID.3004–05.)

Parker, now represented by counsel, has filed an objection, noting that the Report failed to account for the Rule 35(b) reduction after Parker's initial sentencing. (ECF No. 535 at PageID.3012.) The government appears to concede that the Court can consider the Rule 35(b) reduction in fashioning a corrected sentence. (ECF No. 536 at PageID.3032 ("[T]he government concurs with the . . . assessment that Asante Parker is eligible for consideration of sentence modification pursuant to USSG Amendment 782, that his amended guideline range is 210 to 262 months in prison, and any amendment of Parker's sentence below the amended guideline range based upon substantial assistance should be in the same comparable proportion as was originally contemplated at sentencing and when ruling upon the subsequent Rule 35(b) motion.").

 The general rule is that "pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range." *U.S. v. Washington*, 584 F.3d 693, 701 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 3479 (2010). However, the Sentencing Commission has provided "guidance for handling a § 3582(c)(2)

2

motion in a case involving a defendant who is serving a below-guideline sentence based on substantial assistance to the government." *U.S. v. Phelps*, 823 F.3d 1084, 1085 (6th Cir. 2016).

Under U.S.S.G. § 1B.10(b)(2)(B), the Court has the authority to impose a sentence "comparably less than the amended guideline range" based on a prior substantial-assistance reduction:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

The term "a government motion to reflect the defendant's substantial assistance" includes motions under Rule 35(b). U.S.S.G. § 1B1.10 cmt. n.3 (noting that a "government motion" includes motions under § 5K1.1, 18 U.S.C. § 3553(e), and Fed. R. Crim. P. 35(b)); *see Phelps*, 823 F.3d at 1086, 1088 (reversing the district court because it failed to account that the Guidelines allow a defendant's Rule 35(b) reduction to be factored when resentencing on an Amendment 782 motion).

The Sentencing Commission has clearly contemplated that a defendant such as Parker, whose sentence was reduced to reflect his substantial assistance, would not be subject to the limitation in U.S.S.G. § 1B.10(b)(2)(A) because his sentence was reduced pursuant to a Rule 35(b) motion rather than a motion under U.S.S.G. § 5K1.1.

The Court sustains Parker's objection.

3

However, the Court cannot go as low as the 174-month sentence that Parker requests. Parker "is eligible to receive a new sentence of not less than [181] months." *Phelps*, 823 F.3d at 1088.[2] The Court finds that sentence "comparably" appropriate, *see* U.S.S.G. § 1B.10(b)(2)(B), when considering all of the 18 U.S.C. § 3553(a) factors.

For the reasons discussed, the Court **GRANTS** Defendant's motion for reduction of sentence under Guideline Amendment 782. (ECF No. 485.) A separate order will issue reflecting a new sentence of 181 months.


Date:   September 29, 2016              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge

---

[2] Here's the math: Parker's current sentence is 226 months. The bottom of his original unamended guideline range was 262 months. Two-hundred and twenty-six months is approximately 86.2% of 262 months. When this percentage is multiplied by the bottom of the amended guideline range (210 months), the result is 181 months. *See id.* at 1088 n.2.